CONCETLINA LERCARA, an Infant, by Her Guardian ad Litem, FRANK LERCARA, and Another, Appellants, *v.* GIOVANNI PACCIONE and Another, Respondents.

First Department, April 10, 1931.

*Paul P. Rao* of counsel [*Rao & Paider*, attorneys], for the appellants.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan*, attorneys], for the respondent Paccione.

*Lorenz J. Brosnan* of counsel [*Lloyd Paul Stryker*, attorney], for the respondent Lombardo.

SHERMAN, J.   Plaintiff, then sixteen years of age, underwent at the hands of defendants an operation for the removal of a congenital soft cataract from her left eye. Several months theretofore defendants had removed a similar cataract from her right eye. Upon the prior operation, which was successful, the process employed was by needling, an operation consisting of a series of insertions of a needle from time to time whereby the aqueous matter is gradually absorbed.

Defendants sought to remove this cataract in the left eye by means of an operation known as a " combined linear extraction," which, according to one of the experts, was not the usual process for removing such a cataract from the eye of a person of plaintiff's youth.   After this operation the eye showed a serious disturbance resulting in severe inflammation and atrophy of the eyeball, so that within a few weeks the eye was required to be removed by a surgeon other than defendants.

When interviewed by plaintiff's mother, both defendants stated (so she testified) that during the operation plaintiff had moved so that the eye was " touched," from which the jury might have inferred that a cut was inflicted.   Indeed plaintiff's father testified that he observed two cuts upon plaintiff's eye.   In the needling operation no cutting is done to the eyeball itself, but successive needling punctures enable the fluid to be absorbed.

The cut was sufficient to cause the condition which ultimately resulted in the removal of the eye.   Furthermore, there is evidence which, if credited by a jury, may be taken to show that defendants failed or refused to treat plaintiff, though requested so to do, when the trouble with the eye became manifest shortly after the operation, and did nothing to prevent the spread of inflammation. When such a condition follows an operation there is a definite

post-operative treatment, according to Dr. Farley, which was not accorded to plaintiff by these defendants; they gave her no treatment whatsoever.

Upon this proof the learned trial justice erroneously dismissed the complaint. The evidence presented a jury question, being sufficient to support a finding of negligence. (*Gerken* v. *Plimpton*, 62 App. Div. 35; *Kaminsky* v. *Sarnoff*, 220 id. 286; *Pike* v. *Honsinger*, 155 N. Y. 201, 209.)

The judgment appealed from should be reversed and a new trial ordered, with costs to appellants to abide the event.

FINCH, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.